UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **FRANK MARRERO RIVERA,** | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| **TODD BLANCHE,** Acting U.S. Attorney | § | |
| General; **MARKWAYNE MULLIN,** | § | |
| Secretary, U.S. Department of Homeland | § | |
| Security; **MARY DE ANDA-YBARRA,** El | § | |
| Paso Field Office Director of Enforcement | § | **EP-26-CV-00180-DCG** |
| and Removal Operations, El Paso Field | § | |
| Office, Immigration and Customs | § | |
| Enforcement; **U.S. DEPARTMENT OF** | § | |
| **HOMELAND SECURITY; EXECUTIVE** | § | |
| **OFFICE FOR IMMIGRATION** | § | |
| **REVIEW;** and **WARDEN,** ERO El Paso | § | |
| Camp East Montana Detention Facility, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER REQUIRING RESPONDENTS TO PROVIDE STATUS UPDATE

Petitioner Frank Rivera Marrero challenges Respondents' authority to continue detaining him while they facilitate his removal from the country.[1] Because this case relates to Petitioner's post-removal-order detention,[2] the Court must consider whether his removal is "significantly likely in the reasonably foreseeable future."[3]

---

[1] *See* Pet., ECF No. 1.

[2] *See id.* at 5 (challenging "Unlawful Post-Order Immigration Detention" (emphasis omitted)).

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

[3] *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) ("[A]n alien may be held in confinement [after a removal order becomes final] until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.").

On February 12, 2026, Respondents advised the Court that "ICE [was] actively working to remove Petitioner to Mexico and has already notified Petitioner of this third country removal."[4]  Yet, on March 21, 2026, Petitioner advised the Court that "Petitioner was not accepted in Mexico and was returned to the United States and placed back into immigration detention."[5]

To meaningfully assess Petitioner's claims, the Court needs to know whether and when Respondents plan to remove Petitioner from the country.  The Court therefore **ORDERS** that, by **April 23, 2026**, Respondents must **ADVISE** the Court of:

(1)  whether Respondents still anticipate removing Petitioner to Mexico; and

(2)  if so:

> (a)  whether Mexico has agreed to accept Petitioner; and
>
> (b)  how long Respondents anticipate that it will take to effect Petitioner's removal to Mexico.

If Respondents **do not** anticipate removing Petitioner to Mexico, Respondents must **ADVISE** the Court of:

(3)  the specific country (if any) to which Respondents anticipate removing Petitioner;

(4)  whether that country has agreed to accept Petitioner; and

(5)  how long Respondents anticipate that it will take to effect Petitioner's removal to that country.

If Respondents contend that Petitioner has in some way thwarted Respondents' removal efforts, Respondents must explain the reason(s) for that contention with specificity.  Petitioner may

---

[4] Resp'ts' Resp., ECF No. 5, at 6.

[5] Pet. Notice Suppl. Facts, ECF No. 8, at 1.

respond to any such assertions that he has thwarted Respondents' removal efforts **within three days** of Respondents' filing.

The Court further **DIRECTS** the Clerk of Court to **SUBSTITUTE** Acting U.S. Attorney General Todd Blanche in Former Attorney General Pamela Bondi's place as a named Respondent.[6]

The Court likewise **DIRECTS** the Clerk of Court to **SUBSTITUTE** Secretary Markwayne Mullin in Former Secretary Kristi Noem's place as a named Respondent.[7]

**So ORDERED and SIGNED this 20th day of April 2026.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[6] *Compare* Pet. at 1, with FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending.  The officer's successor is automatically substituted as a party.  Later proceedings should be in the substituted party's name . . . .  The court may order substitution at any time . . . .").

[7] *See supra* note 6.